## Succession of KATZ.

### No. 1821.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1938.

Arthur J. Finney, of Covington, for appellant.

Ellis & Ellis, of Covington, for appellee.

DORE, Judge.

The executors, who are the two children and sole heirs of the decedent, obtained a rule on the tax collector for the parish of St. Tammany to have the inheritance tax fixed and due by them as forced heirs, in accordance with Act No. 127 of 1921 (Extra Session) and the laws amendatory thereof. An inventory of the estate was duly taken, showing a gross valuation of $44,461.72; and against which the executors and forced heirs listed debts of the estate to the amount of. $25,387.47; after the deduction of the exemption to the amount of $10,000, the net value of the estate subject to taxation was listed at the sum of $9,074.25, 2 per cent. of which amounts to $181.48, or the sum of $90.74 due by each heir; they pray that the inheritance be fixed in accordance with their rendition.

The tax collector filed an answer to the rule contending that the greater part of the debts listed were not deductible for the reason that they consisted of notes given by the deceased to the two forced heirs, without consideration, and asked for strict proof of their being bona fide obligations of the estate. The tax collector claimed that the amount of tax. due by the forced heirs was $645.24 instead of $181.48.

The trial judge fixed the tax at $181.48, and the tax collector has appealed from the judgment.

By admissions of the tax collector, the issue has been narrowed down to the question of the right of the heirs to deduct two notes as debts in figuring the taxable amount of the estate. One of these notes is dated November 1, 1929, payable to

Sigmund J. Katz, one of the heirs, for $6,799.75, with interest paid to March 30, 1935. The other note is dated the same date and is payable to the other heir, Adeline Julia Katz, for $1,756.81, with interest paid to March 30, 1935. Both notes are signed by the deceased, the mother of the payees.

It is the contention of the tax collector that these notes were given without consideration. It appears that the first-mentioned note is the renewal of an obligation due by the husband of the deceased to his son, Sigmund J. Katz. It appears that on July 28, 1919, J. Adolph Katz, the father of Sigmund J. Katz and husband of the deceased, gave his son a due bill stating that he was then due his son this amount of $6,799.75, with interest at 6 per cent., payable monthly. Mr. J. Adolph Katz died in June, 1922; and the son testifies that his mother, instead of paying the note out of the estate of the father and husband, gave him a note for the amount due him by his father. This note is dated July 1, 1922, and is for the exact amount due by the deceased Katz to his son, and the note is payable on demand, with 6 per cent. interest from date. This last-mentioned note was renewed by the present note for the same amount, dated November 1, 1929, with 6 per cent. interest from date, payable on demand, with interest paid to March 30, 1935.

There is no reason why this last note given the son by his mother is not a valid and binding obligation of her estate. It was given in renewal of two other notes; one due by the son's mother and the original one by his father. If the son was willing to take the note of his mother after his father's death instead of collecting the amount of his father's estate, he had a right to do so; and his mother, as usufructuary of the community, had a sufficient interest in the estate of her husband to obligate herself to pay the debts due by his estate.

The uncontradicted evidence shows that the note given by the deceased to her daughter on November 1, 1929, was given for cash money actually advanced by the daughter to her mother, and which money was used in buying bonds. Both notes are legal debts of the deceased, and were properly deducted in calculating the inheritance tax on her estate.

For these reasons, the judgment is affirmed.